## WILLIDA DAIRY COMPANY *v.* ANGLIN

[No. 14,893. Filed April 27, 1933.]

*Herman L. McCray, Edward J. Boleman, Burrell Wright,* and *Jacob S. White,* for appellant.

*Henry L. Humrichouser* and *Joseph P. Miller,* for appellee.

CURTIS, C. J.—This was a proceeding before the Industrial Board of Indiana in which Ralph Anglin, the appellee, claimed compensation under the Indiana Workmen's Compensation Act, from his employer, Willida Dairy Company, the appellant herein. In his application the appellee alleged that he had sustained a permanent partial impairment of his right leg as the result of an injury to his right knee, which he claimed grew out of an accident arising out of and in the course of his employment by the appellant on the 25th of May, 1931. There was no answer filed by the

appellant, but rule 10 of the Board provides that no answer is required and if none is filed the allegations in the application will be deemed to be denied.

The application was heard by a single member who made an award in favor of the appellee. The appellant filed an application for a review before the full board. The finding and award of the full board, omitting formal parts are as follows:

"The full Industrial Board of Indiana having heard the argument of counsel and having reviewed the evidence and being thereby duly advised in the premises, finds that Ralph Anglin, the plaintiff herein, was employed by the Willida Dairy Company, the defendant, on the 24th day of May, 1931; that his average weekly wage at the time of the accident was $24.00; that while employed on said date plaintiff received personal injuries by reason of an accident arising out of and in the course of his employment, of which the defendant had knowledge; that on or about the 27th or 28th day of May, 1931, Dr. Frash rendered medical attention to said plaintiff and advised him to wear an A. C. bandage; that during the period from the 25th day of May, 1931, up to the 10th day of May, 1932, plaintiff complained of and was suffering from said injury to the right knee, but at no time was he totally disabled beyond the seven-day waiting period.

"The full board further finds that while in the employment of the same defendant on May 10, 1932, said plaintiff, while operating his milk route for said same defendant, and in the course of his employment, bumped the same right knee and aggravated a pre-existing condition.

"The board further finds that plaintiff's injury received on May 25, 1931, has resulted in a permanent impairment to the extent of 50% of the use and function of his entire right leg.

### AWARD

"It is, therefore, considered and ordered by the full Industrial Board of Indiana, that plaintiff be and is hereby awarded as against the defendant, compensation at the rate of $13.20 per week, for a period of

eighty (80) weeks, beginning on the 25th day of May, 1931, deferred payments to be brought up to date and paid in cash in a lump sum."

On December 20, 1932, the full board, in order to correct a typographical error to the effect that the appellee had a 50% impairment of his right leg, entered a corrected finding and award. This corrected finding and award need not be set out herein for the reason that it is identical with the finding and award above set out except that forty per cent was substituted for fifty per cent as the extent of the permanent impairment.

The appellant prayed and perfected this appeal, assigning as error that the finding and award of the full Industrial Board, under date of December 12, 1932, and its corrected finding and award dated December 20, 1932, are not sustained by the evidence and are contrary to law.

There can be no doubt but that the board had the right to correct the clerical error that was made in the original award as to the percentage of permanent impairment of the appellee. Section 45 of the compensation act, among other things, provides as follows: "The board may at any time correct any clerical error or mistake of fact in any finding or award." See §45 of Indiana Workmen's Compensation Act, Acts 1929 Ch. 172, p. 537.

The main contention of the appellant is: "That the injury to appellee's right knee resulting from the accident that occurred on May 25, 1931, did not in itself cause any disability to work or any permanent impairment. Appellant further contends that the impairment to appellee's right leg was, in fact, due to a separate and distinct accidental occurrence arising out of and in the course of appellee's employment with this appellant under date of May 10, 1932, and that liability for compensation for any impairment was, as a matter of law,

chargeable to the accident of May 10, 1932, instead of to the original accident of May 25, 1931." The board, after hearing the evidence, decided against the appellant's contention.

The evidence is almost without conflict and no good purpose would be accomplished in reviewing it in this opinion. It abundantly sustains the board's finding of facts. The rule that this Court will not disturb a finding of the Industrial Board if there is competent evidence or legitimate inferences which may be drawn from such evidence, to sustain the finding, is so well established by the decisions that we do not feel called upon to cite them. The award of the full board is not contrary to law and it is affirmed, and increased five per cent as provided by law.

KIME, P. J.—I concur in the general result but believe that a 10 per cent penalty should be assessed as this is purely a frivolous appeal.